**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| **PETERSEN INDUSTRIES, INC.** | ) | **PLAINTIFF** |
| | ) | |
| **vs.** | ) | **No. 4:10-cv-152-CWR-FKB** |
| | ) | |
| **HOL-MAC CORPORATION,** | ) | |
| | ) | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Hol-Mac Corporation's motion to dismiss for failure to state a claim, supported by its memorandum of authorities and rebuttal memorandum, and a response by Peterson Industries, Inc., together with its supporting memorandum.  The Court, after reviewing the motion, and the relevant law, is of the opinion that the motion be DENIED.

**I.  BACKGROUND**

On September 10, 2010, Plaintiff, Peterson Industries, Inc. ("Petersen"), filed a complaint against Defendant, Hol-Mac Corporation ("Hol-Mac") asserting a cause of action that:

> 20.  Hol-Mac has committed acts that constitute infringement of the '652 patent as defined in 35 U.S.C. §271, such as by manufacturing, selling, and offering to sell grappling trucks with dual three function mechanical joy stick controls, both within this District and elsewhere in the United States.
>
> 21.  Hol-Mac has knowingly and willfully infringed the '652 patent and has contributed to and induced the infringement by others, both within this District and elsewhere in the United States.

(Compl. ¶¶ 20-21).

Petersen  uses the phrase  "upon information and belief" in support of nearly all of its allegations on which the cause of action depends.  *Id*. at ¶¶ 8-17.

Hol-Mac now moves to dismiss on the basis that virtually all substantive allegations against it are made "upon information and belief" and such allegations are insufficient to allege a cause of action against Hol-Mac or survive a motion to dismiss. (Def. Mot. at 1-2; Docket No. 9).

## II.  LEGAL STANDARDS

Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). When considering such motion, the court must not look beyond the pleadings and accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); and *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Despite the natural hesitancy that courts have in granting such motions, plaintiffs cannot simply file anything and call it a complaint. See Fed.R.Civ.P. 8(a). A plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. *See also, Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Once the court has accepted the well-pled factual allegations as true, it then turns to whether the claim is plausible. *Iqbal*, 129 S.Ct. at 1950.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

When determining whether a plausible claim of relief has been adequately plead, it will be a 'context-specific' task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

### III. ANALYSIS

In determining whether this Complaint concerning an alleged patent infringement should be dismissed, the Court will first direct the parties to Form 18 of the Federal Rules of Civil Procedure. Pursuant to Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." *See* FED.R.CIV.P.84. Form 18, which illustrates that a patent infringement complaint does not need extensive factual pleading, only requires the following:

> (Caption-See Form 1)
>
> 1. Statement of Jurisdiction-See Form 7.)
>
> 2. On date, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.

3

>Therefore, the plaintiff demands:
>
>(a) a preliminary and final injunction against the continuing infringement;
>
>(b) an accounting for damages; and
>
>(c) interest and costs.
>
>(Date and sign-See Form 2.)[1]

Defendant moves to dismiss on the basis that Plaintiff failed to allege sufficient facts to state a claim, particularly due to the fact that "virtually all substantive allegations against Hol-Mac are made "upon information and belief." **(**Docket No. 9**)**. In support of its proposition that Plaintiff's qualifying language is insufficient, Hol-Mac cites *Papst v. Sanyo Electric Company*, 602 F.Supp. 2d 17, 20 (D. D.C.2009) and *Dimensional Media Associates, Inc., v. Optical Products Development*, 42 F.Supp. 2d 312 (S.D. N.Y. 1999), both of which are clearly distinguishable from the instant case. In *Papst*, for example, the plaintiff's original complaint contained insufficient bare bone factual allegations that Defendants made, used, sold, or offered to sell to numerous customers in the United States products that infringed upon Plaintiff's patents while relying upon the phrase "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support." 602 F.Supp.2d at 18. The amended complaint simply exchanged the language "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" for the phrase "[u]pon information and belief." *Id*. In *Dimensional Media Associates, Inc. v. Optical Products Development Corp*., the court similarly dismissed an action based solely on conclusory assertions. The allegations here are not conclusory.

Plaintiff's Complaint complies with Form 18. Other courts also have looked to these forms for guidance when adjudicating motions to dismiss in patent cases. See *McZeal v. Sprint Nextel*

---

[1] A complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face. *See Landmark Tech. LLC v. Aeropostale,* No. 6:09 CV 262 , 2010 WL 5174954 at *3 (E.D. Tex., 2010).

*Corp.*, 501 F.3d 1354, 1357 (Fed Cir. 2007), *aff'd on other grounds*, 335 Fed. App'x 966 (Fed. Cir. 2009); *CBT Flint Partners, LLC v. Goodmail Sys. Inc.*, 529 F.Supp.2d 1376, 1379-80 (N.D. GA 2007); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (N.D. Cal. 2009); and *Sharafabadi v. University of Idaho*, 2009 WL 4432367 at *2 (W.D. Wash. 2009)**.** In its reply, Defendant argues that *McZeal* is distinguishable because it involved a *pro se* plaintiff, and it was decided before *Twombly*. Despite pre-dating *Twombly*, the logic of *McZeal* still stands. *See generally, Kamprath, Patent Pleading Standards After Iqbal: Applying Infringement Contention as a Guide*, 12 SMU Sci. & Tech.L.Rev. 301, 312 (2010)(Noting that Rule 84 requires courts to accept as sufficient any pleading made in conformance with the forms and that Form 18 can still be used to plead patent infringement cases even though the form may appear to be incongruent with *Twombly* and *Iqbal*).[2] The Court, therefore, finds the Complaint sufficiently alleges a cause of action, and it survives a motion to dismiss.

Also, unlike the cases cited by Defendant, the Court finds that Plaintiff provides sufficient factual allegations to place Defendant on notice that grappling trucks made by Hol-Mac are believed to infringe the-patent-in-suit. The Court agrees with Plaintiff, that when read as a whole, the Complaint demonstrates compliance with Form 18 and also identifies specific transactions, dates, customers, and locations concerning those machines. (Docket No. 22, at 2-3). The Complaint here provides sufficient detail and passes the demands of *Twombly* and *Iqbal*. See *WiAV Networks, LLC v. 3Com Corp.*, 2009 WL 6048922 at *3 (E.D. Tex. 2009). Despite Defendant's assertion that "upon information and belief" negates the factual allegations following the phrase, the Court finds Hol-Mac

---

[2]In addition, the Supreme Court declared in *Twombly* that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation. *See Twombly*, 550 U.S. at 569 n.14.

5

has been provided sufficient notice to identify the class of machines that are accused of infringement.

## V.  CONCLUSION

Defendant's Motion to Dismiss (doc. 9), filed October 25, 2010, therefore is **DENIED**.

SO ORDERED, this the 9th day of February, 2011.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
